[660 NYS2d 56]

In the Matter of ANTHONY P. QUINN, an Attorney, Resignor.

Second Department, July 7, 1997

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

### OPINION OF THE COURT

Per Curiam.

Anthony P. Quinn has submitted an affidavit, dated April 14, 1997, wherein he tenders his resignation as an attorney and counselor-at-law *(see,* 22 NYCRR 691.9). Mr. Quinn was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on October 17, 1962.

Mr. Quinn acknowledges that he is the subject of an investigation by the Grievance Committee for the Second and Eleventh Judicial Districts into allegations that he converted estate funds entrusted to him as a fiduciary. He specifically admits that he owes the Estate of Anna E. Cole at least $152,628.78.

Mr. Quinn acknowledges that if charges were predicated on the misconduct under investigation he could not successfully defend himself on the merits against them.

Mr. Quinn concedes that his resignation is submitted subject to any application which may be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection of the State of New York pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order. Mr. Quinn expresses an awareness that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Quinn indicates that his resignation is freely and voluntarily tendered and that he has not been subjected to coercion or duress by anyone. He is aware of the implications of submitting his resignation.

Inasmuch as the proffered resignation conforms with the Rules of this Court, the resignation of Anthony P. Quinn as an attorney and counselor-at-law is accepted and directed to be filed. Accordingly, Anthony P. Quinn is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately, subject to any future applications by the Grievance Committee for the Second and Eleventh Judicial Districts for orders directing that he make restitution to any client and that he reimburse the Lawyers' Fund for Client Protection of the State of New York, pursuant to Judiciary Law § 90 (6-a).

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and COPERTINO, JJ., concur.

Ordered that the resignation of Anthony P. Quinn is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Anthony P. Quinn is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Anthony P. Quinn shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Anthony P. Quinn is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.